In the first place, we think the answer was admissible. The witness was an expert physician and surgeon, and should know the area injured by the blow, the arteries, nerves and other portions of the human anatomy affected thereby; he knew the possible effects of such injury and the possible danger caused thereby. The jury were not supposed to know what portions of one's bodily structure could be, and doubtless were, involved in this stricken area, nor what effect violence thereon would necessarily have.

Again, it will be seen from the doctor's testimony above quoted that immediately after having made the statement that such injury was a serious one, the witness stated: "In my opinion of it, it was an injury that gave rise to apprehension and was attended with danger to his health," this being in practically the same words of the court's charge defining serious bodily injury, and no objection was made thereto.

We see no error shown herein. The judgment will therefore be affirmed.

### AZAR v. STATE.
No. 24849.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

### REED v. STATE.
No. 24858.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proccedings appear to be regular, and the judgment is affirmed.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

**ARRIAGA v. STATE.**

No. 24850.

Court of Criminal Appeals of Texas.

May 10, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

**SOWERS v. STATE.**

No. 24766.

Court of Criminal Appeals of Texas.

May 10, 1950.

Justice, Moore & Justice, Athens, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.